IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL NO:

JILLIAN STANDIFUR                                                                                    PLAINTIFF


VS.                                            **COMPLAINT**


ENCORE CAPITAL GROUP, INC.                                                              DEFENDANTS
3111 Camino Del Rio North, Suite 1300
San Diego, CA 92108

      Serve:  Kentucky Secretary of State
                Summonses Branch
                700 Capitol Ave., Suite 86
                Frankfort, KY 40601

&

MIDLAND FUNDING, LLC
3111 Camino Del Rio North, Suite 1300
San Diego, CA 91208

      Serve:  CSC – Lawyer's Incorporating Service
                421 W. Main St.
                Frankfort, KY 40601

&

MIDLAND CREDIT MANAGEMENT, INC
3111 Camino Del Rio North, Suite 1300
San Diego, CA 91208

      Serve:  Kentucky Secretary of State
                Summonses Branch
                700 Capitol Ave., Suite 86
                Frankfort, KY 40601

&

MORGAN & POTTINGER, P.S.C.
601 West Main St.
Louisville, KY 40202

      Serve:  John T. McGarvey
                  Chairman & Registered Agent
                  601 West Main St.
                  Louisville, KY 40202

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, JILLIAN STANDIFUR ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants, ENCORE CAPITAL GROUP, INC., (hereinafter "Encore"), MIDLAND FUNDING, LLC ("Midland"), MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and MORGAN & POTTINGER, P.S.C. ("M&P"), alleges and affirmatively states as follows:

## INTRODUCTION

1. The Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The FDCPA was designed to prohibit "in general terms any harassing, unfair or deceptive collection practice." Senate Report No. 95-382. The Defendants engaged in a course of unfair and oppressive practices in an attempt to collect a consumer debt allegedly owed by the Plaintiff.

2. The Plaintiff's Complaint is based on the Defendants' pattern and practice of filing abusive and deceptive collection lawsuits, in bad faith, and with knowledge that the Defendants do not have the ability or intention of proving the allegations in the collection lawsuit.

3. The Defendants' do not merely lack the "paper trail" needed to support the filing at the outset of the case. Rather, the Plaintiff alleges that the Defendants' pattern and practice regarding the use of litigation is itself an abusive and deceptive practice, as the Defendants

initiate litigation without the ability or intention of ever producing competent, admissible evidence to prove their case.

4. In the present case, the Defendants acted in accordance with their pattern and practice, by filing a collection suit against the Plaintiff in Kentucky state court with neither the means nor the intention of proving their case in court. When the Plaintiff obtained representation and challenged the Defendants to produce evidence in discovery, the Defendants immediately dismissed the collection suit against the Plaintiff.

## PARTIES

5. Plaintiff Jillian Standifur is a citizen and resident of Pike County, Kentucky. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692d.

6. Defendant, Encore Capital Group, Inc. ("Encore"), is a publicly-traded corporation organized and existing under the laws of Delaware, and is the parent corporation of both Midland Funding, LLC, and Midland Credit Management, Inc. Encore's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 91208. Encore is not registered to do business in the Commonwealth of Kentucky, and has no registered agent listed with the Kentucky Secretary of State. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers of this Defendant named. Defendant, Encore Capital Group, Inc., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Defendant, Midland Funding, LLC ("Midland Funding"), is a limited liability company organized and existing under the laws of Delaware and is a subsidiary of Encore.

Midland Funding, LLC's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 91208. Midland Funding is registered to do business in the Commonwealth of Kentucky, and its registered agent is CSC Lawyer's Incorporating Service, 421 W. Main Street, Frankfort, KY 40601. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers of this Defendant named. Defendant, Midland Funding, LLC, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant, Midland Credit Management, Inc., ("MCM") is a foreign corporation organized and existing under the laws of the state of Kansas and a subsidiary of Encore. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 91208. MCM is not registered to do business in the Commonwealth of Kentucky, and has no registered agent listed with the Kentucky Secretary of State. Defendant MCM acts as the servicer on behalf of Midland Funding, LLC's accounts. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers of this Defendant named. Defendant, Midland Credit Management, Inc., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant, Morgan & Pottinger, P.S.C., ("M&P") is a public service corporation organized and existing under the laws of Kentucky. Morgan & Pottinger's principal place of business is located at 601 West Main Street, Louisville, KY 40202. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and

insurers of this Defendant named. Defendant, Morgan & Pottinger, P.S.C., is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. § 1692k(d), which states that actions arising under the FDCPA may be brought and heard before "any appropriate United States [D]istrict [C]ourt without regard to the amount in controversy."

11. This Court has personal jurisdiction over the Defendants. The Defendants conduct business in the Commonwealth of Kentucky; the Defendants purposefully sued the Plaintiff in Pike County, Kentucky.

12. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim[s]" herein occurred within this District.

## FACTS

*Background Information Regarding the Pattern & Practice*
*of the Defendants Business Structure & Debt-Collection Operations*

13. The background information contained herein, as well as references to any outside sources of information, are meant as a starting point for discovery, and to establish and support the plausibility of the factual allegations contained herein. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

14. Midland Funding, LLC ("Midland Funding") and Midland Credit Management ("MCM") are subsidiaries of Encore Capital Group, Inc. ("Encore").

15. Midland Funding and MCM (collectively, "Midland Defendants") work as a single business operation, in connection with Encore.

16. Encore holds itself out to investors and the general public as an entity that, "through its subsidiaries…purchases portfolios of consumer receivables" and engages in collection activities. *See*, www.encorecapital.com/about (last visited August 23, 2013).

17. Encore and the Midland Defendants engage in a large volume of business. For example, as of December 31, 2012, Encore had entered into commitments to purchase consumer receivables with a face value of approximately $308.6 million for a purchase price of $11.6 million. This is roughly equivalent to a purchase price of $0.0375 for a dollar of face value. For the year ending December 31, 2012, Encore reported approximately $527,000,000.00 in annual revenue. See, Encore Capital Group, Inc., *Securities and Exchange Commission Form 10-K for year ending December 31, 2012,* available online at http://www.sec.gov/edgar.shtml (hereinafter "Encore, *2012 10-K*").

18. Encore and the Midland Defendants hold out that "[c]ost efficiency is central to our collection and purchasing strategy." Encore, *2012 10-K* at p.2.

19. The information available to Encore and the Midland Defendants upon purchasing a consumer account in a case such as the Plaintiff's is limited to essential identifying information regarding the consumer who allegedly owes the debt and bare-bones information regarding the purchased debt (account number and balance).

20. When purchasing these large debt portfolios, such as the one at issue in the present case, the Defendants do not actually purchase or receive the original contracts between the creditor and the alleged debtor, nor do they acquire all of the specific information regarding the terms of the contract, the complete payment history of the alleged debtor, or the sales and/or billing documents necessary to prove with any reasonable degree of confidence that a specific consumer opened, used and/or failed to pay a debt in a specific amount.

6

21. The Federal Trade Commission has concluded that "the information received by debt collectors is often inadequate" and results in collection activities that violate of the FDCPA. See, Federal Trade Commission, *Collecting Consumer Debts: The Challenges of Change*, pp. iv-v, 21-24, (February 2009), online at www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf (last visited August 23, 2013) (hereinafter "FTC Report").

22. Encore and the Midland Defendants have made a conscious and continuous business decision to proceed with collection efforts with this minimal amount of information.

23. Despite the woeful lack of information regarding the underlying debts, Encore and the Midland Defendants initiate litigation against tens of thousands of consumers annually, including the Plaintiff herein. A true and accurate copy of the complaint filed against the Plaintiff in Pike District Court is attached hereto as Exhibit A.

24. As part of their cost efficient litigation strategy, Encore and the Midland Defendants have engaged in robo-signing of affidavits, where employees sign hundreds of affidavits a day, without reviewing any actual documents regarding the underlying accounts.

25. These affidavits are then appended to state court complaints, such as the one in the Plaintiff's case, and are used as deceptive and misleading devices that cause the average, unsophisticated consumer to believe that the Defendants have the evidence needed to support their claims.

26. Moreover, these affidavits are used to support motions for default judgment.

27. The affidavits attached to collection complaints, such as the one involving the Plaintiff herein, knowingly contain false, deceptive and misleading statements, intended to bolster the credibility of the collection case.

28. The effect of the filed complaints, along with the misleading affidavits, is to mislead unsophisticated consumers, such as the Plaintiff, into believing that the Defendants have the evidence needed to prove their claim against the consumer in court.

29. The affiants, holding themselves out as employees or agents of Defendant MCM, only have access to computer screens and/or programs that contain extremely limited electronic data that was received by Encore and the Midland Defendants when the large purchases of consumer debt portfolios were made.

30. The affidavit declares that the affiant has "access to pertinent account records" and makes the statements "based on personal knowledge of the account records maintained on [Midland Funding LLC]'s behalf." *See*, Exhibit A.

31. In reality, the affiant had no access to what an unsophisticated consumer would consider to be "account records," had no personal knowledge of the underlying debt, and *at best* had reviewed a limited amount of electronic data that such as the name and/or balance allegedly owed on an account.

32. The affiant neither reviewed the original agreement between the consumer and the original creditor, nor did the affiant have access to all the original billing statements, payment history, account disputes, or any other information associated with the account that an unsophisticated consumer would consider to be the "account records."

33. Despite the lack of information, the Defendants nevertheless attach affidavits stating that the affiant has reviewed the account records.

34. The purpose and effect of the misleading affidavits is to bolster the credibility of the Defendants' collection case, and to deceive unsophisticated consumers, such as the Plaintiff

herein, into believing that the Defendants have the ability and intention of proving their case in court.

35. The litigation strategy of the Midland Defendants is to file large numbers of cases in an effort maximize profits.

36. The filings of lawsuits is intended to, and results in, a large number of consent judgments, default judgments or other payments from consumers, which the Defendants were unable to obtain through the non-judicial collection process.

37. The reasons for the preference for default judgments is simple, as noted by the Federal Trade Commission:

> The owner of a debt receives a number of benefits from obtaining a default judgment against a consumer. A judgment allows the owner of a debt to extend the life of the debt and use garnishment procedures to collect on the judgment. A judgment also makes it more difficult for the consumer to challenge the underlying debt. Specifically, the consumer usually has to show that the court improperly granted the default judgment before challenging the merits of the debt itself.

FTC Report, p. 57, n. 344.

38. The Defendants' well-established pattern and practice is to file cases, then either dismiss the case if they are challenged, or take the matter to trial, knowing that no witnesses or competent evidence will be presented to support their case, and that judgments will be granted in favor of any consumers who show up to defend their case.

39. Part of the collection approach used by Encore and the Midland Defendants is to refer cases to third-party "retained law firms" for litigation. See *Encore 2012 10-K*, pp. 4-5.

40. Defendant Morgan & Pottinger ("M&P") is a third-party "retained law firm" that represents Midland in many collection actions throughout the Commonwealth of Kentucky, as well as the state of Tennessee.

9

41.     In Pike District Court alone, the venue of the collection suit against the Plaintiff, Defendant M&P has instituted at least 150 collection cases on behalf of the Midland Defendants since the beginning of 2012.

42.     As Defendant M&P represents Midland in thousands of actions a year, M&P is intimately acquainted with and integrated into Defendant Midland's collection approach in the Commonwealth of Kentucky.

43.     Retained law firms such as Defendant M&P are paid "a contingency fee based on amounts they collect" for Encore and the Midland Defendants. See, Encore *2012 10-K*, p. 5.

44.     Defendant M&P was, at all relevant times, aware that Encore and the Midland Defendants do not possess sufficient information to prove the debts asserted in the collection cases.

45.     Defendant M&P does not, at the institution of the case, possess sufficient information to prove the debt asserted in the collection case.

46.     Defendant M&P is aware that Encore and the Midland Defendants do not intend to ever obtain any competent and admissible evidence that would be sufficient to prove the asserted claim.

47.     Defendant M&P does not, at the institution of the case, intend to ever obtain any competent and admissible evidence that would be sufficient to prove the asserted claim.

48.     Defendant M&P was, at all relevant times, aware that the affidavit signed by Defendant MCM's "Legal Specialist" is not based on personal knowledge.

49.     Defendant M&P was aware that Defendant MCM's "Legal Specialist" did not have sufficient records and evidence necessary to truthfully and competently attest as to the balance actually owed on the account.

50. Defendants M&P and the Midland Defendants' pattern and practice is to file collection litigation against consumers, with the intention of obtaining a default judgment or settlement, but with no intention of obtaining competent and admissible evidence, and no intent of actually litigating the case should the consumer defend the case.

51. In short, the purpose of filing a collection action in state court is not to actually prove the underlying claim in court, but rather to imply to the consumer that the Defendants are willing and able to prove their claim in court.

52. The Defendants actions are in order to deceive, intimidate and/or otherwise coerce the consumers into settlement, or to allow the Defendants to obtain a default judgment against the consumer.

*Suit Against Plaintiff Jillian Standifur*

53. On or about August 23, 2012, Defendant M&P filed a civil complaint in Pike (Kentucky) District Court, seeking to recover against the Plaintiff. The case was assigned case number 12-C-856. *See*, Exhibit A.

54. The civil complaint in Pike District Court case 12-C-856 (hereinafter "collection case") misspelled the Plaintiff's name as "Jillian Stand**fiur**."

55. Attached to the civil complaint in the collection case was an Affidavit signed by "Tanya Johnson," a "Legal Specialist" with Defendant Midland Credit Management. *See*, Exhibit A.

56. "Tanya Johnson" did not have any personal knowledge of the underlying debt.

57. On or about March 28, 2013, approximately seven (7) months after the filing of the collection case, a summons was issued for the Plaintiff, and she was served with the lawsuit.

11

A true and accurate copy of the summons issued in the collection case is attached hereto as Exhibit B.

58. On or about April 26, 2013, the Plaintiff, through undersigned counsel, filed an Answer in the collection case. A true and accurate copy of the Answer filed in the collection case is attached hereto as Exhibit C.

59. On or about May 3, 2013, the Plaintiff, through undersigned counsel, pursuant to the Kentucky Rules of Civil Procedure, served Interrogatories, Requests for Production of Documents and Requests for Admissions upon the Defendants. A true and accurate copy of the notice of service is attached hereto as Exhibit D.

60. On or about May 24, 2013, after having been served with the Plaintiff's discovery requests, Defendant Morgan & Pottinger filed a "Motion for Order of Dismissal" in the collection case. A true and accurate copy of the Motion for Order of Dismissal filed in the collection case is attached hereto as Exhibit E.

61. On or about June 5, 2013, the Pike District Court entered an order granting the Defendants' motion, and dismissing the case without prejudice. A true and accurate copy of the Order of Dismissal is attached hereto as Exhibit F.

62. Actions in present case conformed with Defendants' pattern and practice of filing suits without the intention and/or ability to actual prove the claims asserted therein.

63. Defendants were aware that they lacked the underlying documents and evidence necessary to prove the case.

64. Defendants filed the suit with knowledge that these documents were not presently in their possession, and that they did not intend to procure or produce competent, admissible evidence necessary to prove their case.

65. Defendants filed suit with the intention only of getting a default judgment or otherwise coercing the Plaintiff to settle.

66. Defendants dismissed the suit once a request for discovery was filed by the alleged debtor, the Plaintiff herein. *See* Exhibits D, E, F.

67. The Defendants have a pattern and practice of dismissing suits without prejudice when challenged, or otherwise permitting the suit to terminate in favor of the consumer, rather than attempting to prove their case.

68. The actions of the Defendants as described herein, resulted in Plaintiff being required to expend time and energy worrying about the Defendants' lawsuit, as well as the emotional distress, anger, frustration and embarrassment of being sued.

## COUNT I
### Encore/Midland Defendants
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

69. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

70. Plaintiff Jillian Standifur, is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated *or allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

71. Defendant Encore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

72. Defendant Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

73. Defendant MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

74. The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when they filed a collection lawsuit against the Plaintiff with an attached affidavit which, to an unsophisticated consumer, appeared to indicate that the Defendants possessed the documentation necessary to prove their case in court.

75. The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when they filed a collection lawsuit against the Plaintiff with an attached affidavit which, to an unsophisticated consumer, appeared to indicate that the affidavit was based on the affiant's personal knowledge of the Plaintiff's original account information when, in fact, the affiant had no personal knowledge of the Plaintiff's original account information.

76. The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when they filed a collection lawsuit against the Plaintiff with an attached affidavit, with knowledge that the Defendants could not gain sufficient, admissible evidence necessary to prove the allegations in the complaint.

77. The Defendants violated 15 U.S.C. § 1692e(5) by filing a suit and requesting judgment against the Plaintiff, thereby representing to the consumer that the Defendants intended to prove their claim in court when, in reality, the Defendants did not have the intention of proving their claim in court.

78. The Defendants violated 15 U.S.C. § 1692e(10) by filing a lawsuit with knowledge that the Defendants did not have, and would not be able to procure, sufficient admissible evidence to prove the allegations of their complaint.

79. The Defendants violated 15 U.S.C. § 1692e(10) when they dismissed the collection suit against the Plaintiff without prejudice, thereby preserving their ability to refile a suit, or to otherwise permit continued collection efforts against the Plaintiff.

80. The Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt when the Defendants filed a coercive lawsuit in bad faith, against the Plaintiff, with knowledge that they did not possess sufficient, and could not obtain, sufficient, admissible evidence to prove their case against the Plaintiff, all in an effort to coerce a settlement from the Plaintiff, or to obtain a default judgment against the Plaintiff.

81. The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt, or permitted by law.

82. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for the following:

    a. Pursuant to 15 U.S.C. 1692k(a)(1), the Plaintiff's actual damages;

    b. Pursuant to 15 U.S.C. 1692k(a)(2), statutory damages;

    c. Pursuant to 15 U.S.C. 1692k(a)(3), all court costs and attorneys' fees.

### COUNT II
### Morgan & Pottinger
### (Fair Debt Collection Practices Act – 15 § 1692 *et seq.*)

83. The allegations in the above paragraphs of this complaint are realleged and incorporated herein by this reference.

84. Plaintiff Jillian Standifur, is a "consumer" as defined by the FDCPA, which provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

85. Defendant Morgan & Pottinger ("M&P") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

86. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when it filed a collection lawsuit against the Plaintiff when the Defendant knew, or should have known, that the "legal specialist" who executed the affidavit used to support the complaint lacked personal knowledge of the matters she was attesting to in the affidavit.

87. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when it filed a collection lawsuit against the Plaintiff when the Defendant knew, or should have known, that the Defendants (collectively) could never gain sufficient, admissible evidence necessary to prove the claim in court.

88. The Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt when it filed a collection lawsuit against the Plaintiff when the Defendant knew, or should have known, that the Defendants (collectively) did not intend to obtain sufficient, admissible evidence necessary to prove the claim in court.

89. The Defendant violated 15 U.S.C. § 1692e(10) by filing a lawsuit with knowledge that the Defendants (collectively) did not have, and would not be able to procure, sufficient admissible evidence to prove the allegations of their complaint.

90. The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt when the Defendant filed a coercive lawsuit in bad faith, against the Plaintiff, with knowledge that the Defendants (collectively) did not possess, and could not obtain, sufficient, admissible evidence to prove their case against the Plaintiff, all in an

effort to coerce a settlement from the Plaintiff, or to obtain a default judgment against the Plaintiff.

91. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for the following:

   a. Pursuant to 15 U.S.C. 1692k(a)(1), the Plaintiff's actual damages;

   b. Pursuant to 15 U.S.C. 1692k(a)(2), statutory damages;

   c. Pursuant to 15 U.S.C. 1692k(a)(3), all court costs and attorneys' fees.

**WHEREFORE,** the Plaintiff, Jillian Standifur, having set forth her claims for relief against the Defendants, respectfully requests judgment be entered against the Defendants, Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., and Morgan & Pottinger, P.S.C., for the following:

   A. That the Plaintiff have and recover against the Defendants, statutory damages of $1,000.00 for the violations of the Fair Debt Collection Practices Act;

   B. That the Plaintiff have and recover against the Defendants a sum to be determined in the form of actual damages;

   C. That the Plaintiff have and recover against the Defendants, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k of the Fair Debt Collection Practices Act;

   D. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JILLIAN STANDIFUR, demands a jury trial in this case.

DATED: August 23, 2013.

/s/ Noah R. Friend
Noah R. Friend
Friend & Hunt
Attorneys at Law, PLLC
P.O. Box 610
Pikeville, KY 41502
Phone: 606.369.7030
Fax: 502.716.6158
nrfriend@friendandhunt.com
KY Bar #92209

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, JILLIAN STANDIFUR, states the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. §1746(2), I, JILLIAN STANDIFUR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

6-21-2013
DATE

Jillian Standifur
JILLIAN STANDIFUR